EDWIN A. ALGER, administrator, *vs.* NORTH END SAVINGS
BANK.

Suffolk.    January 24, 1888. — March 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Practice — Report — Savings Bank — Deposit in Trust — Gift — Evidence.*

Upon the report of a case for the determination of this court, whether a judge who
tried the case without a jury was warranted in making a finding, the only ques-
tion is whether there was any evidence to sustain the finding, not whether the
evidence is worthy of belief.

Evidence that a savings bank depositor "in trust," who kept the deposit-book,
shortly before his death told the person named as beneficiary that the deposit
"I put in for you" in the savings bank, "that money is yours," will justify
a finding that there was a perfected gift to that person.

CONTRACT, to recover a deposit in the defendant bank by
the administrator with the will annexed of George C. Trumbull.
Achsie J. Wood intervened as a claimant of the fund, under the
Pub. Sts. c. 116, § 31.    At the trial in the Superior Court, with-
out a jury, before *Mason*, J., it appeared in evidence that Trum-
bull, who was treasurer of the defendant bank, in his lifetime
made a deposit of $1,000 in the bank in the name of "Geo. C.
Trumbull, trustee for Achsie J. Wood"; that the claimant, who
had been a housekeeper for Trumbull and his wife for eleven
years before his death, contended that the deposit was a gift or
payment to her for her services; and that the bank-book was
found by the administrator, after Trumbull's death, among his
papers.

The claimant testified that during the first year she received
for her services four dollars a week, and subsequently three dol-
lars and five dollars; that Trumbull, when she talked with him

about further compensation, " told me several times that he should provide for me, that I should be well paid as far as money would pay me"; and that in November or December, 1883, " after he made his will, just before the 1st of January, . . . I asked him some question in regard to investing some money in some way, which led him to think I was not feeling satisfied with my wages; and he said, ' You will feel better when you know what I have done for you, Mrs. Wood. I have made my will, in which I have willed you twenty-five shares in the Vermont and Massachusetts Railroad. I have made a will which is deposited with Mr. Alger, in which I left you twenty-five shares of the Vermont and Massachusetts Railroad, and if I live till the 1st of January there will be one thousand dollars in the North End Savings Bank in trust for you, and if I die and leave that as I intend to, you will call for the book, and it is yours'; and he explained at length about the law, how it used to be so that people put in money all they could in their own name, and then deposited it in the names of different members of their family, but he said it was all their money just the same when they died; but he said a very strict law was made at such a time, making it a law that if money was put in in this way in trust by some one, he has control of it while he lives, but if he dies, it goes to whoever it is in trust for; and he said, ' All you have to do is to call for the book, and it will go to you.' "

The claimant further testified, that, later, during the last sickness of Trumbull, when " we were talking business affairs, and I asked him in regard to some money that had been put in trust for a friend of mine, and he explained about it, he said, ' That is on the same principle as the one thousand dollars that I put in for you in the North End Savings Bank'; he said, ' The law is strict in that way, and that money is yours'"; and in reply to the question, " Now, was there any other talk about the money in the bank beside those two conversations?" she said, " No, sir; those two times; he told me just before he died that it was there, and it was mine; that's all."

On cross-examination the claimant testified that " there was a mutual understanding between Mr. Trumbull and I when I first went there, that I should be paid well, and whatever I thought would satisfy me"; that " there was a nominal price set upon

for my wages, but it was understood that I was to have a good deal more than that"; that " Mr. Trumbull told me a good many times that he would make a provision for me "; that on one occasion Trumbull said to her, " Achsie, I see you are feeling anxious about your future, and you will feel better when you know what I have done for you"; and proceeded to tell her, " I have made my will, which is deposited with Mr. Alger, in which I have willed you twenty-five shares of Vermont and Massachusetts Railroad stock; if I live until the first of January, there will be a thousand dollars in the North End Savings Bank in trust for you, and if I die, you call for the book, and it will go to you"; and that on one occasion when she asked Trumbull how an old lady of whom she knew could get money that had been deposited in trust for her, he replied, that " it would go to the old lady," and said further, " that is on the same principle as the thousand dollars I put in trust for you."

The counsel for the plaintiff then proceeded to put the following question to the witness: " He said in substance that he had put a thousand dollars in on the same principle ; that he had put a thousand dollars in for you, and if he left it there, if he died, as he expected he should — " At this point the witness interrupted the counsel, and said, " No, sir ; he did n't at all ; he said it was there ; the last time he spoke of it he said it was there, and it was mine." The witness further testified, in reply to questions put to her by the counsel for the plaintiff, that Trumbull " told me he had put a thousand dollars in the bank : he said it was in the bank for me, and it was mine"; that " he told me that it was there for me, and it was mine ; he offered to give me another thousand, for fear he had n't paid me enough "; but that he never gave her or offered to give her the deposit-book, " or anything of the sort."

The plaintiff testified that he asked the claimant to tell him all that Trumbull ever said to her in regard to the deposit, and that she " replied that he gave her to understand that he had deposited one thousand dollars of his own money in the North End Savings Bank in his name, in trust for her, and that it was to remain his money ; he was to take the interest on it and the dividends during his life, and after his death it was to be hers ; she spoke of the matter several times, and never varied in regard to

it"; but the claimant, on being recalled, denied that Trumbull had ever so spoken to her, or that she had ever so replied to the plaintiff.

The judge found for the claimant, and reported the case for the determination of this court, on the question whether the evidence was sufficient as matter of law to sustain the finding.

*J. G. Abbott*, (*A. B. Alger*, with him,) for the plaintiff.

*W. C. Williamson*, for the claimant.

DEVENS, J.   This is an action of contract for one thousand dollars deposited by George C. Trumbull, the plaintiff's testator, with the defendant bank, Achsie J. Wood intervening as claimant under the Pub. Sts. c. 116, § 31.   The judge, before whom the cause was tried without a jury, found for the claimant, and has reported it for the determination of this court, on the question whether the evidence is sufficient in law to sustain this finding.

This sum of money, which was Trumbull's own, was deposited by him in the defendant bank, of which he was treasurer, in his own name, as trustee for Achsie J. Wood.   The question presented is whether there was evidence of a perfected gift of the sum thus deposited in his lifetime to Mrs. Wood, or whether it continued under the control and in the possession of Trumbull until his death, and was only intended to become the property of Mrs. Wood in the event that he should see fit to leave it undisturbed at the time of his death.   If the deposit was of the latter character, it would be an attempt to make a testamentary disposition of the sum without observing the forms of law, and the administrator would be entitled to the possession of it.   *Nutt v. Morse*, 142 Mass. 1.

The Pub. Sts. c. 116, § 32, provide that, when a deposit is made by one in trust for another, and when no other notice of the terms of the trust has been given in writing, the deposit may, in the event of the death of the trustee, be paid to the person for whom such deposit is made.   But this is intended solely for the protection of the bank, and the rights of those who deem themselves entitled to the deposit are not thereby affected as between themselves.

The difficulty in this case, as in similar cases where deposits have been made by one in his own name as trustee for another,

is rather in the application of the law to the facts, than in the principles which should govern. The very large number of deposits in the savings banks of this Commonwealth, and the convenience in many instances of adopting this form of deposit, have caused it often to be carefully considered.

While, if Trumbull retained the control, over this fund until his death, intending that no title to or interest in it should pass until that time, there would have been no perfected gift, it is also true, that, if he deposited the money in the bank intending it to be at the time a gift to Mrs. Wood, although he himself kept the deposit-book, and informed her of it, and she assented to it, this would be equivalent to a delivery and an acceptance of a chattel on delivery, and the gift would have been perfected. *Scott* v. *Berkshire County Savings Bank*, 140 Mass. 157.

In *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, it is said that it is enough for the purpose of making a party trustee for the benefit of another " if it be unequivocally declared in writing, or orally if the property be personal, that it is held in trust for the person named. When the trust is thus created, it is effectual to transfer the beneficial interest, and operates as a gift perfected by delivery." It was there held that evidence which the claimants offered of declarations which the testator, the alleged trustee, made to them at different times in language which fairly implied that he intended to give to them an immediate equitable title in the principal fund, reserving to himself only the income for life, should have been admitted.

But a mere declaration of trust by the owner, not communicated to the donee and assented to by him, or a mere deposit of the fund in his own name as trustee, or a deposit in the name of another, will not be of themselves alone sufficient to prove a complete gift or voluntary trust. *Sherman* v. *New Bedford Savings Bank*, 138 Mass. 581, and cases cited.

The case at bar, although the evidence as to the ownership of the deposit is fully stated, does not require us to decide whether we should have found as did the presiding judge who has reported the case, but only whether there was sufficient evidence, as matter of law, to sustain his finding.

If all the declarations were of the character of that first testified to by the claimant, this would be difficult. She testified

that the compensation she was receiving in the way of weekly wages was nominal, and that it was always understood that some provision would be made for her in addition. In November or December of 1883, Trumbull recited to her the provisions of his will, by which he had bequeathed to her twenty-five shares in the Vermont and Massachusetts Railroad, adding, " And if I live until the first day of January there will be a thousand dollars in the North End Savings Bank in trust for you, and if I die and leave that as I intend to, you will call for the book and it will be yours." The money was not then in the bank, and this conversation only indicates an intention to put it there, and to leave it there so that the claimant might receive it at his death. It is of the same character as the conversations to which the claimant testifies when she states, " Mr. Trumbull told me a good many times that he would make a provision for me." But the statement made by the claimant as to what was said by Trumbull shortly before his death, and after the deposit of the one thousand dollars was actually made, is of a different character. He explained to her (referring to a deposit made by another, and for the benefit of another person than the claimant) that money put in trust in a savings bank for a person would go to that person, saying, " That is on the same principle as the one thousand dollars that I put in for you in the North End Savings Bank "; he said, " The law is strict in that way, and that money is yours." The claimant in her testimony repeated this declaration with some slight change of phraseology, but each time as an explicit statement by Trumbull that the money then in the North End Savings Bank was hers. Thus she states, " He told me just before he died that it was there, and it was mine." To the inquiry, on cross-examination, " He said . . . that he had put a thousand dollars in for you, and if he left it there, if he died as he expected he should," the claimant, interrupting, said, " No, sir; he did n't at all ; he said it was there ; the last time he spoke of it he said it was there, and it was mine."

These statements, if believed, establish a perfected gift of the one thousand dollars assented to by the claimant. They are made when the money is actually in the bank, and they assure the claimant without qualification that it is hers. There is no

reason, as matter of law, why the court might not have placed confidence in them. We cannot review the evidence or the argument by which it was sought to show that they were not in fact worthy of credence. *Heywood* v. *Stiles*, 124 Mass. 275.

*Judgment on the finding for the claimant.*