JOHN J. McCAFFREY, administrator, *vs.* NORTH ADAMS SAVINGS BANK & another.

Berkshire.     December 4, 1922. — March 6, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* What constitutes. *Savings Bank.*

In an action by an administrator against a savings bank for the amount of a deposit alleged by the plaintiff to belong to the estate of his intestate, a claimant intervened, and at the trial there was evidence of the following facts: The deposit stood in the name of the intestate, "Trustee for" the claimant, and was in an amount in excess of $1,000. The intestate, in conversation with the father of the claimant, had said in substance that he had deposited $1,000 in the bank in question for the claimant "which I give to her absolutely and it belongs to her and it's her money, but I may possibly draw the interest, but I will never touch the principal. I want her to have that money." The intestate did not tell the claimant's father to tell her; but he did so, and the claimant wrote to the intestate a letter in which she stated that her father had told her of the gift, thanked him and told him she appreciated the gift. She wrote nothing about the interest. The intestate replied saying that he was very sorry the gift was not $100,000 instead of $1,000. The bank book remained in the possession of the intestate. *Held,* that

(1) While there was no evidence of a completed gift of $1,000 of the deposit, findings of a completed and executed intention to establish a trust in favor of the claimant to the extent of $1,000 and that the fact of such declaration of trust

was communicated to the claimant and that such intention was assented to by her, were warranted;

(2) The question, whether there was a complete declaration of trust and acceptance thereof, properly was submitted to the jury.

CONTRACT by the administrator of the estate of David Roberts, late of North Adams, for the amount in the defendant savings bank standing in the name, "David Roberts trustee for Martha Roberts Zimmerman." Writ dated January 4, 1921.

Martha Roberts Zimmerman was summoned as a claimant and answered. The action was tried before *Wait*, J. Material evidence is described in the opinion. The record states: "After the parties had rested, the court asked the attorney of Martha Roberts Zimmerman whether the claimant maintained that there was a completed trust of $1,000 or a gift of the bank book, and her attorney replied that she did not claim a gift of the book but a completed trust for $1,000."

The plaintiff moved that a verdict be ordered in her favor, and, that motion being denied, asked for the rulings described in the opinion, which were refused.

At the conclusion of the charge, the trial judge stated to the jury: "In order to enable you more easily to determine the thing, the only question that's before you gentlemen is this: Was there a completed trust of $1,000 of the deposit in question made to Mrs. Zimmerman? You can answer that 'Yes' or 'No,' and as you answer it, the entry will be made for the payment of the money." The jury answered the question in the affirmative; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*E. D. Getman*, for the plaintiff.

*J. E. Magenis*, for the claimant.

PIERCE, J. On January 31, 1917, David Roberts, deceased, as trustee for Martha Roberts Zimmerman had in the North Adams Savings Bank a deposit of $1,445.30. On that day he wrote a letter to his niece, Mrs. Zimmerman (hereinafter called the claimant), expressing his fondness for her and for her brother Malcolm. The letter continued, "I wrote him the other day, and told him about a bank book in the Berkshire Co. Sav. Bank at Pittsfield: I made an absurd mistake, and never thought of it until after mailing my crazy, hurried letter. I told him the de-

posit stood in three figures: ha! ha! I have really a thousand on the book and if anything happens to me, and there is anything left on the book, it is to be Malcolm's; I've fixed up a similar book for you, Mistress Martha: I may have to use it all up, you know, before ever I die: but I'm just providing against any little calamity like sudden death, or the like: Now you must make a will you know, saying what disposal shall be made of this small fortune provided I die, and you mourn so that you follow me in rapid decline: Is n't it fun to dispose of one's property. If Malcolm marries without our consent, you and I can disinherit him: and if you divorce 'Zim' without my permission, or don't divorce him if you ought to decidedly do so I can cut you off with a Lincoln penny, and if I marry without your consent you can attach the bank-book claiming my promise to give it to you: It is all too funny — Eh!"

The claimant testified as regards the above letter, "this letter, Exhibit B, dated January 31, 1917 he wrote me; he signed his letters Uncle *** this letter is the first that I knew he had put any money in the bank in trust for me; when I received this letter I wrote him and I thanked him; I did write him; I thanked him, and told him it was very kind of him and that I appreciated very much his gift."

The letter of January 31, was inoperative to make a valid gift of $1,000 of the deposit of $1,445.30, then in the North Adams Savings Bank to the credit of David Roberts. It was an imperfect gift notwithstanding the claimant's letter of acceptance, because Roberts retained the pass book, gave no order upon the bank to pay the specific sum to the claimant and declared his intention to retain dominion over the deposit until his death. *Sherman* v. *New Bedford Five Cents Savings Bank*, 138 Mass. 581.

Assuming the letter and the reply thereto constituted at most an imperfect gift of the entire deposit, the claimant contends that the jury could have found upon the testimony of George Roberts and the claimant that subsequent to his letter of January 31, 1917, Roberts changed his mind, and instead of endeavoring to give the whole amount of his deposit in the North Adams Savings Bank to the claimant to take effect after his death, he then gave her $1,000 of the deposit outright and reserved to himself the

right to the interest on it, and to the balance of the deposit. In substance Roberts testified: "I had a conversation with him about a bank book or deposit. We were talking over old boyhood times and he says to me, 'Now I have deposited a thousand dollars' — I was going to say in the Northampton Bank, but 'in the North Adams Bank for your daughter Martha which I give to her absolutely and it belongs to her and it's her money, but' he says, 'I may possibly draw the interest, but I will never touch the principal.' He says, 'I want her to have that money.' . . . As a result of that conversation I saw my daughter, Mrs. Zimmerman, perhaps two weeks after in Syracuse; I told her what Mr. Roberts said."

In cross-examination, he testified "he told me he had done the same thing for my son in the Berkshire County Savings Bank and that what he had done for my son he had done in the same way for my daughter. . . . He did not tell me he had made the deposits in each bank in the same way, he did n't particularly say in the same way, but he told me he had made a deposit for each one of my children, one in one bank and one in the other; absolutely their property; they were to have it anyway, and that he would not touch the principal, he might use the interest; . . . He did n't give me any instructions what to do or say about it; . . . he did n't give me any directions what to do; I did that of my own volition; . . . I told my daughter first; I told her that her uncle had left her a thousand dollars and told me that was to be her money at that time absolutely. I am very sure; he did n't say it was to be hers after his death, or anything of that kind; he said it was to be her property there and then; that he would never touch the principal. That was what he told me and that's what I told her."

The claimant testified as regards the declaration of Roberts to her father: "I had a conversation with my father sometime later than his visit here to North Adams; it may have been late in February or the first of March; as a result of my conversation with my father I wrote Mr. Roberts; I thanked him and told him I appreciated very much his gift to me and to Malcolm, my brother; I told him that father had told me he had made a gift to me of that thousand dollars and to Malcolm of the thousand dollars in the other bank; I did n't say anything about the in-

terest; as a result of that letter to David Roberts I received a reply from him; he joked about various things and he said about the gift that he was sorry it was not one hundred thousand dollars instead of one."

At the close of the evidence the plaintiff made the following requests for rulings, which the court refused: (1) "That on the evidence the plaintiff is entitled to recover," and (2) "On the evidence Martha Roberts Zimmerman the claimant or intervener is not entitled to recover." It is plain there was not a completed gift of $1,000 of the deposit. The question therefore presented is whether there was sufficient evidence to warrant a finding by the jury that Roberts made a declaration that he held the $1,000 in trust; and to make the further finding that such declaration was communicated to the claimant and was assented to by her. We think the statement to George Roberts, if believed, manifested a completed and executed intention to establish a trust in favor of the claimant to the extent of $1,000. We further think the evidence warranted a finding that the fact of such declaration of trust was communicated to the claimant and that such intention was assented to by her. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159. *Alger* v. *North End Savings Bank,* 146 Mass. 418, 423. *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393. See *Matter of Totten,* 179 N. Y. 112; 1 Am. & Eng. Ann. Cas. 900, and cases collected in note. It follows that the requests were refused rightly and that the question, whether there was a complete declaration of trust and acceptance thereof, was properly submitted to the jury.

*Exceptions overruled.*