AURORE BUTEAU *vs.* NAPOLEON LAVALLE, executor, & another.

Worcester.    September 25, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Trust,* What constitutes, Validity.    *Savings Bank.    Gift.    Wills, Statute of.*

Where it appeared that one, more than thirteen years before his death, opened an account in a savings bank in his name "in trust for" his daughter, in "case of death of trustee payable to the beneficiary"; that he later informed the daughter of the account and told her that it was to be hers after his death; that from time to time deposits were made in the account and dividends credited thereto; and that shortly before the parent's death a substantial portion of the account was withdrawn and used for his benefit, it was *held,* that

(1) The question, whether the deposit was held in trust or not, was one of fact;

(2) Conclusions were warranted that the parent had fully constituted himself a trustee of the deposit for the benefit of his daughter; and that he had not intended to make either a testamentary disposition of the deposit or a gift thereof to the daughter in present contemplation of death;

(3) The circumstance, that the deposit was not to be paid over to the daughter until after the death of the parent, did not make the trust invalid;

(4) The daughter, after the parent's death, was entitled to the deposit.

BILL IN EQUITY, filed in the Superior Court on April 21, 1932.

The suit was heard by *Whiting*, J.  The bill, material findings and a final decree entered by order of *Dillon*, J., are described in the opinion.  The defendant appealed.

*F. P. McKeon*, for the defendant Lavalle, executor.

*W. W. Buckley*, for the plaintiff.

CROSBY, J.  This is a bill in equity against the executor of the will of Eugenie Castonguay, deceased testate, to establish a trust in a deposit in the Southbridge Savings Bank, which is also made a party defendant.

The case was heard by a judge of the Superior Court who found the following facts: On March 30, 1917, Eugenie Castonguay opened an account number 29335 in the Southbridge Savings Bank in her own name in trust for Aurore Castonguay with an initial deposit of $35.  The said Aurore Castonguay was her daughter and is the plaintiff.  The plaintiff was not present at the bank and knew nothing of the deposit when made.  A few months later her mother told her of the deposit; the plaintiff went to the bank with her mother several times when deposits were made and saw the deposit book with her name on it.  Her mother talked with her about it, and said it was to be her property after she died.  Deposits were made from time to time and dividends credited to the account.  On October 9, 1930, the account amounted to $997.99.  During 1930 Eugenie Castonguay was ill and at a hospital.  She returned home in September and the plaintiff took care of her and saw the bank book again.  Early in October it was necessary for the mother to have some money.  Several bank books belonging to her were produced and an order on one was made out and signed by her mark.  This was attended to by the present executor of her will.  The book used represented the deposit here in question.  A withdrawal of $500 was made and the proceeds were used for the benefit of the testatrix.  After Christmas of that year she told the plaintiff that the bank book would be hers.  At the time of the decease of the testatrix she left a will and other property.  At the date of her decease the account amounted to the sum of $510.42.

Upon the foregoing findings the judge ordered a decree to be entered establishing that Eugenie Castonguay held a de-

posit in the Southbridge Savings Bank evidenced by account book number 29335 in that bank in trust for the plaintiff, and that the defendant bank pay the amount of said deposit to the plaintiff. Thereafter a final decree was entered in accordance with the foregoing order, with costs. The defendant appealed from the findings of fact, and the order above recited, and from the final decree. It is stipulated by the parties "that the bank book in suit, which was offered as an exhibit at the trial, bore the following title: 'Eugenie Castonguay in trust for Aurore Castonguay (and in stamp form), In case of death of trustee payable to the beneficiary'; and that this fact, and this stipulation, in lieu of a motion to amplify the record, be incorporated in the record upon appeal to the Supreme Judicial Court."

It is the contention of the defendant that upon the facts found the plaintiff acquired no title to the deposit, and that the act of the plaintiff's mother was an attempted testamentary disposition which was invalid and contrary to the statute of wills.

It is settled by many decisions of this court that the question whether a deposit in a savings bank contended to be in trust for the benefit of another is to be so held is one of fact. *Kelley* v. *Snow*, 185 Mass. 288, 299. It is manifest from the facts found that the testatrix had fully constituted herself a trustee for the plaintiff. It was within her power to establish the trust in favor of her daughter. Although it was not in writing, parol evidence was admissible to establish the trust. It does not appear from the facts found that it was the intent of the testatrix to make a testamentary disposition of this deposit, nor that she made the gift to her daughter in present contemplation of death. It plainly appears that this was a fully executed trust *inter vivos*. The circumstance that the gift of the deposit was not to be paid over to the plaintiff until after the death of the settlor did not affect its validity. A reservation of income to the settlor does not impair the validity of the trust. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 502. The case is governed by *Davis* v. *Ney*, 125 Mass. 590, *Gerrish* v. *New Bedford Institution for Sav-*

*ings,* 128 Mass. 159, 163, *Alger* v. *North End Savings Bank,* 146 Mass. 418, 423, *Scrivens* v. *North Easton Savings Bank,* 166 Mass. 255, *Kendrick* v. *Ray,* 173 Mass. 305, 309, *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393, *Moore* v. *O'Hare,* 224 Mass. 283, *McCaffrey* v. *North Adams Savings Bank,* 244 Mass. 396, *Jones* v. *Old Colony Trust Co.* 251 Mass. 309. See also *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 583.

The cases of *Sherman* v. *New Bedford Five Cents Savings Bank,* 138 Mass. 581, *Nutt* v. *Morse,* 142 Mass. 1, *Noyes* v. *Institution for Savings in Newburyport,* 164 Mass. 583, *Bailey* v. *New Bedford Institution for Savings,* 192 Mass. 564, and other cases cited by the defendant are distinguishable in their facts from the case at bar.

It follows that the final decree must be affirmed, with costs.

*Ordered accordingly.*