EDWARD F. MULLOY *vs.* CHARLESTOWN FIVE CENTS SAVINGS BANK & another.

Suffolk.   May 10, 1933. — January 2, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Savings Bank*, Deposit in name of trustee. *Gift. Trust*, What constitutes.

In an action of contract in a municipal court, the issue was whether a deposit in a savings bank belonged to the plaintiff or to the administrator of the estate of the depositor, who was a sister of the plaintiff. The trial judge found that, in order to assuage the plaintiff's dissatisfaction at having been omitted from a certain will under which the depositor was a beneficiary, she made the deposit and opened an account in her name, "trustee for" the plaintiff, and told the plaintiff that she had done so and that she intended such deposit to be his when she died; that at her request he went to the bank and there signed a paper, a signature card and the by-laws of the bank; that later she frequently asked him to go to the bank and have the account put in his name, but that he always replied, "it's all right as it is," and did no more about it; that the pass book for the deposit was always at the bank for safe keeping, at the depositor's directions; that the plaintiff never went there to obtain it or the deposit; that nothing had been withdrawn from the deposit since it was made; and that the depositor's original intention was to set aside the amount of the deposit for the plaintiff to have at her death, but that after the opening of the account she changed her mind and wanted him to have it during her life, although she took no steps to transfer the account into his name alone. The judge concluded that the deposit was the property of the administrator and found for the administrator. *Held*, that

    (1) Even if the depositor intended to make a present gift of the

deposit to the plaintiff, title thereto did not pass to him unless there also was an actual or symbolic delivery thereof to him; whether there was such a delivery was a question of fact;

(2) An inference was warranted that the depositor understood that something remained to be done by the plaintiff before her dominion over the deposit was ended;

(3) The facts found warranted a conclusion that no delivery of the deposit, actual or symbolic, ever took place;

(4) A finding was warranted that the depositor had not done everything which she could have done to end her dominion over the deposit, and that she had not constituted herself a trustee thereof for the plaintiff;

. (5) Since the facts found supported the conclusion by the trial judge that the deposit was the property of the administrator, that conclusion showed no error; and the finding for the administrator must stand.

In order to make oneself trustee for another of property held by the settlor, everything must be done which can be done to end the absolute dominion of the settlor; an incomplete gift is not a trust.


CONTRACT.    Writ in the Municipal Court of the City of Boston dated August 4, 1932.

The action was heard in the Municipal Court by *Putnam,* J.  The pleadings and material findings by the judge are described in the opinion.  Certain requests for rulings by the plaintiff, and the judge's disposition thereof, were as follows:

"2. The plaintiff is entitled to a finding in his favor on count 2 of the declaration: (a) The title to the deposit passed to the plaintiff as a valid executed gift.  (b) A valid trust was created."  This request was refused.

"3. The deceased, Mary Kiernan, did all that she could have done to create a valid trust for the benefit of the plaintiff."  This request was refused as immaterial.

"4. The statute of wills does not prevent an owner of property from stipulating by contract for the disposition of property at the time of his death."  This request was refused.

"5. The acts and statements of the deceased, Mary Kiernan, and the acts and statements of the plaintiff . . . require a finding that title to both deposits involved in this action passed to the plaintiff as valid, executed gifts."  This request was refused.

"6. Title to the deposits involved in this action passed to the plaintiff by virtue of contracts executed between him and the bank." This request was refused.

"7. It is immaterial that the books representing the deposits were retained by the deceased, Mary Kiernan, or left at the bank for safekeeping." This request was granted.

"8. Possession of the books representing the deposits by the plaintiff is not essential to recovery by him." This request was granted.

"9. If the owner of a savings bank deposit with full knowledge of the legal significance of his act changes the deposit on the bank book from an account standing in his own name to an account standing in the name of a second person or himself or the survivor and notifies the second person, who assents thereto and thanks him, the second person although he never had actual possession of the bank book, may after the depositor's death obtain the balance of the deposit." As to this request, the judge stated that, so far as it was intended to apply to the account involved in the second count of the declaration, "I deny it as inapplicable to the facts as found by me. That account was not 'an account standing in the name' of . . . [the plaintiff], nor was it a joint account."

There was a finding for the plaintiff on the first count in the declaration and for the defendant administrator on the second count. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*D. L. Allison,* (*E. V. Keating* with him,) for the plaintiff.

*E. J. Flavin,* for the defendants.

WAIT, J. The plaintiff declared in two counts for money had and received, to recover money deposited in the defendant bank by one Mary Kiernan. On the bank's answer in interpleader that the deposits were claimed by a son of Mary Kiernan, administrator of her estate, and that it was a mere stakeholder ready to pay to the person entitled, the court summoned in the administrator as a claimant defendant. The trial judge found for the plaintiff for the first deposit; and for the administrator for the second. No

question arises on the first count.  The Appellate Division of the Municipal Court of the City of Boston ordered a report dismissed, and the plaintiff's appeal brings the matter before us.

The report set forth the judge's findings of fact, here material, in substance as follows:  On April 5, 1928, Mary Kiernan opened an account with the savings bank in the name of "Mary Kiernan, trustee for Edward F. Mulloy" and deposited $1,000.  Mulloy was her brother.  He had expressed dissatisfaction because he had not been told that their deceased sister, Margaret, had been making a will, by which, apparently, Mary had profited and he had not. To assuage him, Mary Kiernan told him she would open a trust account for him in the sum of $1,000.  In April, 1928, she told him she had done so, and that she intended the deposit in her name as trustee for him to be his when she died.  At her request he went to the bank and there signed a paper, a signature card and the by-laws of the bank. Afterwards, she frequently asked him to go to the bank and have the account put in his name; but he always replied, "it's all right as it is," and did no more about it.  The pass book has always been held at the bank for safe keeping, at Mary Kiernan's direction.  Nothing has ever been withdrawn.  Interest was added as it accrued.  Mulloy, on crossexamination, testified that he had supposed that until she died she might draw on the deposit.  There was evidence that Mary Kiernan had said that her sister Meg had stated that she was not satisfied with her will, and had obtained Mary's promise to give the brother $1,000 before she died; and Mary Kiernan had also said:  "I put a thousand dollars in Ed's name in the Charlestown Five Cents Savings Bank after she died."  An official of the bank explained to her about the accounts, when Mary Kiernan made the deposit. The deposit claimed in the first count was made as a joint account of Mary and her brother.

The judge found "that Mrs. Kiernan's original intention was to set aside $1,000, which Mulloy was to get at her death, but after this account was opened she changed her mind and wanted him to have it during her life, although

she took no steps to transfer the account into his name alone"; and that the deposit was the property of the claimant. He refused certain rulings requested by the plaintiff, who now contends that there was error in the refusals and in the finding of fact above stated.

The essential question is whether title to the deposit passed to the plaintiff. Our law is settled that apart from conveyance by deed title to personal property does not pass by gift unless the donor makes an actual or symbolic delivery of the property to the donee. Full intent to give is not enough. *Cardoza* v. *Leveroni,* 233 Mass. 310, 313. *Perry* v. *Leveroni,* 252 Mass. 390. *Brine* v. *Parker,* 271 Mass. 86. *Brodrick* v. *O'Connor,* 271 Mass. 240. *Foley* v. *Coan,* 272 Mass. 207. *Robinson* v. *Pero,* 272 Mass. 482. Whether there was such delivery was matter of fact. The judge's decision must stand if the evidence can support it. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Robinson* v. *Pero,* 272 Mass. 482. We think it plain that he could find that no delivery, actual or symbolic, ever took place. The original deposit was made by Mrs. Kiernan in her own name as trustee for Mulloy. That is no delivery to him. The delivery of property was to the bank. The bank book, symbol and proof of ownership, was not delivered to Mulloy, but instead was left at the bank subject to Mrs. Kiernan's directions. She was not present at the bank when Mulloy signed the signature card and by-laws; and there is no testimony of any participation by her in any contract then made, if any ever were made, between the bank and Mulloy. Mulloy never went to the bank to obtain delivery of the book and deposit. It could be found that she requested him to do this. The inference could be thought to be irresistible that she understood that something remained to be done by him before her dominion over the deposit was ended. The evidence does not compel a finding that Mrs. Kiernan at any time instructed the bank to hold the pass book or the deposit, thereafter, as property of Mulloy.

The requests with reference to title by delivery were properly refused. This is true also of those based on the

theory of a trust.  An incomplete gift is not a trust.  *Cardoza* v. *Leveroni*, 233 Mass. 310, 314, and cases cited.  In order to make oneself trustee for another of property held by the settlor, everything must be done which can be done to end the absolute dominion of the settlor.  *McKenna* v. *McKenna*, 260 Mass. 481, 484.  It obviously could be found that Mrs. Kiernan did not so do.  Very simply had she so desired she could have notified the bank that she had no interest except as trustee in the deposit.  The evidence is bare of anything which required the bank to look upon her simply as trustee holding for Mulloy.  The decisions are clear that the original form of deposit made no such requirement.  See *Perry* v. *Leveroni*, 252 Mass. 390, 392; *McKenna* v. *McKenna*, 260 Mass. 481, 484.  The facts which properly could be found differ materially from those in *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, *Holyoke National Bank* v. *Bailey*, 273 Mass. 551, and *Rockefeller* v. *Davenport*, 277 Mass. 105, which are not controlling here.

It follows that the requests for ruling were properly denied, and the finding made has evidence which will support it.  The order must be

*Order of Appellate Division affirmed.*