EVA R. ROBERTSON *vs.* JOHN PARKER, executor, & another.

Suffolk.   May 16, 1934. — June 30, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Trust*, What constitutes.

At the hearing of a petition in equity in a probate court, there was evidence that a decedent, many years before his death and at a time when he had on deposit in a savings bank in his own name the maximum amount of interest-bearing principal allowed by law and the by-laws of the bank, made a deposit of $1,000 in that bank in his name, "Tr. for" a named woman; that thereafter until his death he retained exclusive possession of the bank book and collected the dividends on the deposit; that he never informed the woman of his

having established a trust for her benefit; that, a few years before his death, he told the woman that she had money coming to her, that "there is money in the bank for you," that she would be taken care of when he "was through," and that his wife "has taken care of you by putting something away, I'll see that you have it"; and that his wife had stated that she "had . . . [him] put $1,000 in the bank for" the woman. There was no evidence that the woman ever saw the bank book during his lifetime or knew of the deposit until after his death. *Held*, that

(1) A finding was not required as a matter of law that the decedent intended to or did create a trust in the woman's favor when he made the deposit;

(2) A finding was warranted that the proceeds of the deposit were an asset of the decedent's estate.

PETITION, filed in the Probate Court for the county of Suffolk on December 7, 1933, described in the opinion.

The petition was heard by *Poland*, J. Material evidence, findings by the judge and a decree entered by his order are described in the opinion. The petitioner appealed.

*C. J. Moynihan*, (*D. J. Coddaire* with him,) for the petitioner.

*H. H. Ballard, Jr.*, for the respondents.

CROSBY, J. The petitioner brings this petition in equity in the Probate Court against the executor of the will of William J. Anderson and against him individually to establish a trust in a deposit in the Union Savings Bank of Boston for the benefit of the petitioner.

The judge of probate found the following facts: The testator, William J. Anderson, died January 18, 1933, when about ninety-three years of age, leaving a will which has been allowed. The respondent Parker is named as executor and residuary legatee. No gift was made to the petitioner in the will. In July, 1910, the testator deposited $1,000 in the Union Institution for Savings in his name "Tr. for Eva Robertson," the petitioner, which is the subject of this suit. The petitioner and another person were the testator's second cousins, his wife having died in 1914. In July, 1910, he had another older deposit in this savings bank then amounting to about $1,600. The judge further found that "By statute and . . . by-laws of the bank, the amount of interest bearing principal per-

mitted to one depositor in the bank was . . . ($1,000) . . . in 1910." The bank would not have accepted the $1,000, in his own name as depositor, because he then had a deposit of $1,600. The executor, soon after his appointment, presented to the savings bank the deposit book for $1,000, which he found in the testator's safe deposit box where he had always kept it, and had this deposit transferred to the older account, which was then placed in the name of the estate, "John Parker, Executor." The account in the name of the testator, "Tr. for Eva Robertson," was then closed on the bank's books. The judge further found that "Outside of the words 'Tr. for Eva Robertson' on the bank's books and the deposit book, the only evidence showing acts or declarations by the testator in respect of the deposit is the following testimony: The petitioner testified that some time about 1927 or 1928 she told the testator, whom she often visited at his home, that she had to use a considerable sum of money to make a payment, to which he replied that she could go ahead and make the payment, that she had money coming to her, that 'there is money in the bank for you,' that when he was through, she would be taken care of, that she 'would have what he had'; that he also said to her: 'Mrs. Anderson (his wife) has taken care of you by putting something away, I'll see that you have it.'" The judge states in his finding of facts and rulings that the testimony of the petitioner above recited is believed by him, and that the facts testified by her are found. There was also testimony that "The testator's wife said to . . . his housekeeper, that she (Mrs. Anderson) had Mr. Anderson put $1,000 in the bank for the petitioner"; and that some time in 1932 the testator told the respondent Parker that the petitioner "had got all that she was going to get from him." The judge found that the foregoing is all the evidence as to the acts and declarations of the testator which is material to the issue; and that the petitioner first learned the name of the bank and the amount of the deposit after the testator's death; that the testator sometimes gave the petitioner small sums of $5 on her visits; and that the whole amount of his gifts to her

amounted to not more than $100. Upon the foregoing facts the judge found and ruled that the petitioner is not entitled to the proceeds of the deposit described in the petition, and that they are assets of the estate; a decree was entered accordingly. From the decree the petitioner appealed.

It is not contended by the petitioner that the deposit in question was a gift *inter vivos*. She contends, however, that the making of the deposit constituted a trust for her benefit and that she is now entitled to the principal sum of the trust. "A deposit in a savings bank in the name of another is not alone sufficient to prove a gift. . . . Nor is the fact that the savings bank book designates the depositor as trustee for another conclusive evidence of the existence of the trust." *Booth* v. *Bristol County Savings Bank*, 162 Mass. 455, 457. *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101. The evidence is not sufficient to warrant a finding that the testator intended to create a trust in favor of the petitioner. A finding was warranted that the testator made the deposit of $1,000 as "Tr. for Eva Robertson" so that he might collect the interest thereon, as he had another older deposit of $1,600 in the same bank and the bank would not have accepted the $1,000 in his own name as a depositor. It was said by Holmes, J., speaking for the court in *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218, at pages 219–220: "The fact that the savings bank book designates the plaintiff's intestate trustee for the claimant is not conclusive of the existence of a trust. . . . As it is a well known practice for people who have deposited in their own names the full amount allowed, to open new accounts ostensibly as trustees for others, but in fact for their own benefit, evidence that the intestate had deposited the full amount allowed to his own use was admissible as offering a possible explanation of the form adopted other than the intention to make a gift." The testimony of the petitioner, that the testator said "that she had money coming to her, that 'there is money in the bank for you,' that when he was through, she would be taken care of, that 'would have what he had,'" does not require a finding that he intended to establish a trust of the $1,000 in her favor.

He made no mention to her of any trust fund having been established by him for her benefit. The statements so made are entirely consistent with a promise on his part to make her a beneficiary in his will, which he failed to do. It is found that he kept the bank book in his possession and collected the dividends on the $1,000 deposit until shortly before his death. There is no evidence that the petitioner ever saw the bank book during his lifetime, or knew that he had made the deposit as "Tr. for Eva Robertson" until after his death. The evidence warrants a finding that the $1,000 was placed in the bank in trust by the testator solely for his own benefit in order that he might be paid interest upon it, but with no intention on his part to establish a trust for the benefit of the petitioner. No communication whatever appears to have been made by him of the existence of this deposit, and he kept exclusive control of the bank book until his death. In *Welch* v. *Henshaw*, 170 Mass. 409, it was said by Chief Justice Field, speaking for the court, at page 415: "So far as we are aware, there are no decisions in this Commonwealth which support a voluntary trust, of which the settlor has attempted to make himself the trustee, where the settlor has kept the property in his own hands subject to his own disposal, and never has informed the beneficiaries of it." The situation so described exists in the present case. Whatever promises the testator made to the petitioner in the nature of pecuniary assistance, there was no evidence that he made or intended to establish a trust for her benefit. The case is governed in principle by what was decided in *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218, *Welch* v. *Henshaw*, 170 Mass. 409, *Bailey* v. *New Bedford Institution for Savings*, 192 Mass. 564, *Cardoza* v. *Leveroni*, 233 Mass. 310, *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101. See *Elliott* v. *Gordon*, 70 Fed. Rep. (2d) 9.

It is argued by the petitioner that there is a marked similarity between the facts found in the case of *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, and those appearing in the present case. In that case it appeared that the testator made three deposits as trustee, one of

which was in trust for his only son by name, and the others were in trust for his two grandchildren by name. For these deposits he took separate bank books which after his death were found among his effects, never having been delivered to the persons named. In his lifetime he collected as his own all dividends declared upon the deposits. A by-law of the bank provided that "any depositor, at the time of making his deposit, may designate the person for whose benefit the same is made, which shall be binding on his legal representatives." The son and grandchildren of the testator, who appeared as claimants of the money under St. 1876, c. 203, § 19, offered to prove in addition to the foregoing facts that the testator had said to each of them at different times "that he had put this money in the bank for them; that he wanted to draw the interest during his lifetime; and that after he was gone they were to have the money." It was held upon this evidence that a finding was justified that the testator had fully constituted himself a trustee for the claimants. The evidence in that case warranted a finding that a valid trust was created by the donor, and was known and accepted by the donees. In the case at bar there was no evidence which warranted a finding that the testator ever had created a trust for the benefit of the petitioner. The promises of the testator that the petitioner would be "taken care of" and that she "would have what he had" fail to show that he intended to create a trust for her benefit. The facts in the present case are plainly distinguishable from those appearing in the case of *Gerrish* v. *New Bedford Institution for Savings, supra.*

The facts in the case at bar distinguish it from *Alger* v. *North End Savings Bank,* 146 Mass. 418, *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393, *McCaffrey* v. *North Adams Savings Bank,* 244 Mass. 396, *Buteau* v. *Lavalle,* 284 Mass. 276, and other cases cited by the petitioner.

In view of the facts recited in the record, the judge correctly found that the petitioner is not entitled to the deposit described in the petition and that it is an asset belonging to the estate.

*Decree affirmed.*