ALICE B. O'HARA, administratrix, vs. CHARLES F. O'HARA, JUNIOR, & another.

CHARLES F. O'HARA, JR., vs. ALICE B. O'HARA & others.

Suffolk.   November 16, 1934. — May 14, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Pension. Executor and Administrator*, What are assets of estate.  *Trust*, What constitutes.

A refund paid by the United States to one who was widow and adminis-tratrix of the estate of a deceased letter carrier, pursuant to § 12 (d) of the Act of Congress of May 29, 1930 (46 U. S. Sts. at Large, 468, c. 349), pertaining to the Federal contributory pension system, was part of the assets of the decedent's estate.

Statement by LUMMUS, J., as to the requirements for the creation of an informal voluntary trust of personalty.

A conclusion that a father orally created a valid trust for the benefit of his minor son in bank shares which he took in his name, "Tr. for" the son, was proper on the facts.

PETITION, filed in the Probate Court for the county of Suffolk for allowance of the first account of Alice B. O'Hara, administratrix of the estate of Charles F. O'Hara, late of Boston.

PETITION IN EQUITY, filed in that court on October 30, 1933, and afterwards amended.

The petitions were heard by *Poland*, J.   Material find-ings by him and decrees entered by his order are described in the opinion.   Alice B. O'Hara appealed from each decree.

*J. G. Crane*, for Alice B. O'Hara.

*M. J. Doyle & M. J. McGlone*, for Charles F. O'Hara, Jr., submitted a brief.

LUMMUS, J.   Charles F. O'Hara, a letter carrier in the service of the United States, died November 7, 1932, leav-ing a widow, Alice B. O'Hara, whom he had married on

March 27, 1932. She became administratrix of his estate. He left also a minor son by an earlier marriage, Charles F. O'Hara, junior. The Probate Court charged the administratrix with $905 refunded to her by the United States. On a petition in equity by the son, the Probate Court decreed that a valid trust in ten shares in Watertown Cooperative Bank had been orally created for the benefit of the son. Alice B. O'Hara appealed.

The Act of Congress of May 29, 1930 (46 U. S. Sts. at Large, 468, c. 349; U. S. C. Annotated, Title 5, c. 14, §§ 691a–708a) provides for a contributory pension system. Three and one half per cent of the salaries of certain employees in the classified civil service, including letter carriers, is withheld from their pay, and deposited in a fund for the payment of annuities and refunds under the act. § 10. If the employee receives in retirement annuities as much as he has contributed to the fund, he gets no refund. §§ 10, 12. But where, as happened in this case, "an employee shall die without having attained eligibility for retirement or without having established a valid claim for annuity, the total amount of his deductions with interest thereon shall be paid to the legal representatives of such employee." § 12 (d). The administratrix received the sum of $905 after her appointment, apparently under the author-. ity of this section. By the terms of the statute it came to her in her representative capacity and as part of the assets of the estate. Section 12 (f), giving the commissioner of pensions discretion as to the payee of a refund when the employee is "legally incompetent" appears to have no application, for in this case the employee was not legally incompetent but dead. Even if that section authorized payment to Alice B. O'Hara as an individual, and the money was so paid, the money paid was in the nature of insurance in which the deceased had rights, and was not a gift. For this reason *Corkum* v. *Clark*, 263 Mass. 378, 386–389, does not apply. The decree charging the accountant with this sum as a part of the assets of the estate was right.

The coöperative bank shares were fully paid for by the deceased, and were taken in the name of "Charles F. O'Hara,

Tr. for Charles F. O'Hara, Jr." as early as October 27, 1927. The deceased kept the certificate for the shares in his possession, and received and used the dividends until his death. Sometime in 1928 the deceased took his son, Charles F. O'Hara, junior, then a boy of twelve, to the Watertown Co-operative Bank, and showed him a paper which the son did not read but which the judge found was the certificate for the shares, and said, "That is for you." The judge found that the deceased "then intended to make an immediately effective trust of the shares for the son's benefit." Later at various times the deceased said to the son that the "money in the Watertown bank," meaning the shares, "was the son's and that it was a fund to provide for his education and to send him to college." The son always understood and believed that the shares were his. The judge found that the deceased created a valid trust for the benefit of his son. The only fact reported from which a contrary intent on the part of the deceased might be inferred, was that after his second marriage he said to a relative that he "would not change" the shares as that was a fund for the son's education, which might imply a belief on the part of the deceased that he still had dominion over the shares.

It is so common for an owner of personalty to put the apparent title in his own name as trustee for another who furnishes no consideration, without any intent to create a genuine present interest in that other, or to surrender any part of his own dominion over the property, that the law is skeptical of the reality of a trust so declared. The mere statement that one is trustee for another does not define the nature and extent of the trust, nor show that if a trust is really contemplated it is lawful in purpose. Often the real intent is testamentary. Unless there is something more than the words that one is trustee for another, to show that a present creation of an equitable interest is intended and that the settlor has ceased to have full dominion, the nominal *cestui* has no rights. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159. *Sherman* v. *New Bedford Five Cents Savings Bank,* 138 Mass. 581. *Cleveland* v.

*Hampden Savings Bank,* 182 Mass. 110. *Mulloy* v. *Charlestown Five Cents Savings Bank,* 285 Mass. 101. *Robertson* v. *Parker,* 287 Mass. 351. The provisions of G. L. (Ter. Ed.) c. 168, § 34, when applicable, do not affect the rights of the parties between themselves. *Alger* v. *North End Savings Bank,* 146 Mass. 418, 421.

Even proof of an intent to create a present trust is not enough. It is true, that in creating a trust there is no absolute need of delivery either of a document declaring the trust or of the trust property itself. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159. *Chace* v. *Chapin,* 130 Mass. 128. *Peck* v. *Scofield,* 186 Mass. 108, 111. *Mee* v. *Fay,* 190 Mass. 40, 42. *McMahon* v. *Lawler,* 190 Mass. 343. *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393. *McCaffrey* v. *North Adams Savings Bank,* 244 Mass. 396. *Buteau* v. *Lavalle,* 284 Mass. 276. Compare *Bailey* v. *New Bedford Institution for Savings,* 192 Mass. 564; *Mulloy* v. *Charlestown Five Cents Savings Bank,* 285 Mass. 101. Neither is there any rule applicable to all trusts requiring notice to, and acceptance by, the *cestui. Stuart* v. *Sargent,* 283 Mass. 536, 542. *Thorp* v. *Lund,* 227 Mass. 474, 476. But where the trust is an informal voluntary trust of the sort under discussion, the law of this Commonwealth requires notice to the *cestui* or to some person in his behalf, and at least implied acceptance by the *cestui,* in order to perfect the creation of the trust. *Welch* v. *Henshaw,* 170 Mass. 409. *Boynton* v. *Gale,* 194 Mass. 320. *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393, 396. *McCaffrey* v. *North Adams Savings Bank,* 244 Mass. 396. *Robertson* v. *Parker,* 287 Mass. 351. A reservation of the income for life, or of the right to revoke the trust, is not inconsistent with a valid present trust. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309. *McCaffrey* v. *North Adams Savings Bank,* 244 Mass. 396. *Robinson* v. *Pero,* 272 Mass. 482, 485. *Scanzo* v. *Morano,* 284 Mass. 188, 194. *Buteau* v. *Lavalle,* 284 Mass. 276. *Coolidge* v. *Brown,* 286 Mass. 504, 507.

Under these principles, the finding that the shares, at the death of the father, were held in trust for the son, was proper. Acceptance by the son when notified of the trust

might be inferred. *Kentfield* v. *Shelburne Falls Savings Bank*, 273 Mass. 548, 550, and cases cited. *Scott* v. *Berkshire County Savings Bank*, 140 Mass. 157, 166.

*Decrees affirmed.*