H. W. HOGARTH-SWANN & another, executors, *vs.* GAY F. STEELE & another.

Middlesex.    March 6, 1935. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust*, What constitutes.   *Gift.*

The mere facts, that a depositor in a savings bank transferred the account to his name, "Trustee for" another, signed a signature card as such trustee and a statement that the deposit "forms no part of" his estate, "and in case of my decease pay the same to the beneficiary," and that the depositor kept possession of the deposit book and gave no notice of the transfer to the beneficiary, who knew nothing of the account until after the depositor's death, did not show a valid declaration of trust.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on February 4, 1933.

The petition was reserved and reported by Leggat, J., for determination by this court.

*T. Hunt*, for the petitioners.

*A. A. Gleason*, (*W. M. McInnes* with him,) for the respondents.

DONAHUE, J. The petitioners, who are executors of the will of Julia F. Burleigh, have brought this petition in equity in the Probate Court praying that an account in the respondent savings bank in the name "Julia F. Burleigh Trustee for Gay F. Steele" be decreed to belong to the estate of their testatrix. A judge of the Probate Court has reported the case on facts which were not in dispute for the determination of the question whether Julia F. Burleigh made a valid declaration of trust of the account for the benefit of the respondent Steele.

The petitioners' testatrix in December, 1931, transferred an account which she had in the respondent bank to a new account in the name of "Julia F. Burleigh Trustee for Gay F. Steele" and signed a signature card at the bank in the same form of words. She also signed her name to a state-

ment stamped on the signature card which read: "This deposit forms no part of my estate, and in case of my decease pay the same to the beneficiary." She retained in her possession the pass book representing the account until her death in January, 1932. She never notified the respondent Steele that she had opened the account and Steele knew nothing whatever about the account until after the death of the petitioners' testatrix. No further deposits were made in the account and there were no withdrawals from it.

The few other facts recited in the report disclose nothing as to any relationship, friendship or acquaintance between the petitioners' testatrix and the respondent Steele or as to other explanatory circumstances which might tend to give support to the contention of Steele that the petitioners' testatrix in opening the account intended to create a present trust. The respondent Steele is obliged to rest her contention on the fact that the petitioners' testatrix put the account in the form "Julia F. Burleigh Trustee for Gay F. Steele," signing the signature card in that manner, and on the fact that she signed her name to the statement stamped on the card.

It is settled in this Commonwealth that the mere fact that a person puts money belonging to him in a savings bank account in his name as trustee for another does not create a valid trust. *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228. *Robertson* v. *Parker*, 287 Mass. 351, 355, and cases cited. "Unless there is something more than the words that one is trustee for another, to show that a present creation of an equitable interest is intended and that the settlor has ceased to have full dominion, the nominal *cestui* has no rights." *O'Hara* v. *O'Hara*, 291 Mass. 75, 77. The facts in the present case do not show such an intention or relinquishment of full dominion over the deposit.

The fact that the signature card which the bank retained was signed by the petitioners' testatrix with her name as trustee for Steele does not indicate that the creation of a present equitable interest in Steele was intended. By rea-

son of that arrangement the only signature which the bank could recognize in dealing with the deposit was a signature which the petitioners' testatrix alone could write. It was consistent with the intention to retain continued dominion over the account.

The signing of the statement stamped on the signature card does not manifest an unequivocal intention to give an immediate equitable interest in the account to the respondent Steele. It was entirely consistent with an intent to retain full ownership and control of the deposit during the lifetime of the petitioners' testatrix. The statement does not purport to express a transaction having a present effect. It contemplates a time after her death. It does manifest an intention that any deposit standing in the account at the time of her decease should then become the property of the respondent Steele. "But she could not pass the title to property after her death by such a deposit or such a statement." *Bailey* v. *New Bedford Institution for Savings*, 192 Mass. 564, 569. *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, 187, 188.

Even if it should be assumed that the petitioners' testatrix had, at the time she opened the acount, the intention to give to Steele a present equitable interest therein, it could not here be found that she succeeded in doing so. In this Commonwealth such an intention is ineffective if the creation of the trust is not made known to the intended beneficiary or to some one representing him or acting in his behalf. *O'Hara* v. *O'Hara*, 291 Mass. 75, 78. The respondent Steele had no knowledge that the account had been opened until after the death of the petitioners' testatrix. So far as appears that fact was earlier known only to the parties to the contract of deposit, the petitioners' testatrix and the bank. The bank was given no authority to notify Steele that the account had been opened and it gave no such notice in the lifetime of the petitioners' testatrix. The bank was not made a trustee of the fund in her lifetime. No relationship between the bank and Steele was created, when the contract of deposit was made, which constituted the bank the representative

of Steele in the matter of notice. 'The bank's knowledge as to the account was not Steele's knowledge and did not dispense with the notice to the beneficiary or to someone representing her which under our decisions is necessary to perfect the creation of a present voluntary trust of a savings bank deposit. *Clark* v. *Clark*, 108 Mass. 522. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, 164. *Cleveland* v. *Hampden Savings Bank*, 182 Mass. 110. *O'Hara* v. *O'Hara*, 291 Mass. 75, 78, and cases cited.

No valid declaration of trust was made by the petitioners' testatrix. In accordance with the terms of the report a decree is to be entered declaring that the savings bank account is an asset of the estate of the petitioners' testatrix and the matter of the allowance of costs and counsel fees to the respondent bank and the respondent Steele is left to the determination of the Probate Court.

*Ordered accordingly.*