EDWARD E. COHEN, executor, *vs.* NEWTON SAVINGS BANK
& another.

Middlesex. May 7, 1946. — July 2, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Trust,* Express trust: what constitutes; Of personal property. *Savings Bank. Notice.*

A trust enforceable by the beneficiary after the death of the depositor was created by a deposit in a savings bank in the name of the depositor "in trust for" a named beneficiary, accompanied by a deposit card containing a statement in writing signed by the depositor and reading: "This account I hold in trust, to control and dispose of as I see fit during my lifetime, but on my death to pay to the beneficiary the full amount then standing to the credit of this account," although there was no delivery of the book of deposit to the named beneficiary, no notice thereof was given to him or to anyone representing him, he had no knowledge of the existence of the account until after the death of the depositor, and the depositor had retained full dominion of the account until his death.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on March 13, 1945.

The case was heard by *Monahan,* J.

*F. G. Lichtenstein, S. S. Epstein, & G. A. Goldstein,* for the respondent Ernst, submitted a brief.

*E. E. Cohen,* for the petitioner.

DOLAN, J. This is a petition to determine the ownership of a savings bank deposit in the Newton Savings Bank standing in the name of Lewis O. Locke in trust for Miss Armenta Ernst. The petitioner is the executor of the will of the depositor. The case comes before us on the appeal of Miss

Ernst from the decree entered by the judge that the deposit is the property of the estate of the petitioner's testator.

The evidence is reported and the judge made a report of the material facts found by him. Material facts thus found or disclosed by the evidence may be summed up as follows: On July 11, 1934, the testator deposited $125 in the Newton Savings Bank, hereinafter referred to as the bank. The account was opened in the name of the testator in trust for Miss Ernst as set forth above. When the testator opened the account he signed the usual card of agreement to the by-laws and rules of the bank. The address of Miss Ernst was set out thereon as "24 Paul St. Newton Centre," and beneath the address appears the word "Stenographer." The testator's address appears thereon as "12 Roosevelt Rd., N. C." On the back of the card the following appears: "This account I hold in trust, to control and dispose of as I see fit during my lifetime, but on my death to pay to the beneficiary the full amount then standing to the credit of this account. Lewis O. Locke." After opening the account the testator made many deposits to its credit and many withdrawals. There was evidence tending to show that the testator, who was seventy-three years of age at the time of his death in 1943, and Miss Ernst had been friends since 1921; that they went to the theatre and to dining places together; that the testator told Miss Ernst that he had put some money away for her in a bank in his name as trustee, and that at any time that she wanted it it was hers; and that on another occasion when she was planning a trip to California he suggested that she use the money for her trip. The judge found, however, that no delivery of the book of deposit was ever made to Miss Ernst, that she never had knowledge of the existence of the account until after the death of the testator, that the testator intended to retain and did retain full dominion over the account until his death, and that he never gave notice to Miss Ernst nor to anyone representing her that the account was her property; and further found "as a fact that the testator did not intend to create a present interest in the account to the respondent Ernst."

With respect to all of these findings except the last one, we cannot say that the judge was plainly wrong, since he saw and heard the witnesses and had a superior opportunity to judge of the weight to be given to their testimony. See *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84, and cases cited. But we are of opinion that those findings as well as the evidence did not justify the judge in his conclusions that the testator had no intention of creating a trust of the deposit in question and that it is assets of his estate.

While it is well established that trusts of personal property as distinguished from trusts of real estate may be created by parol, even in such cases delivery of the trust res is not essential to the validity of the trust. *O'Hara* v. *O'Hara*, 291 Mass. 75, 78, and cases cited. In so far as the case of *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101, may be construed, in view of its facts, to be authority for the requirement of delivery of the trust res to effect a valid trust of personalty created by parol or by formal written declaration of trust, we do not follow it. See *Buteau* v. *Lavalle*, 284 Mass. 276; Scott, Trusts, § 58.1, note 5. And the fact that the donor under the terms of the trust retains possession and control of the trust res and the right to use either principal or income for his own purposes does not affect its validity. *Buteau* v. *Lavalle*, 284 Mass. 276, 278–279. *O'Hara* v. *O'Hara*, 291 Mass. 75, 78. Am. Law Inst. Restatement: Trusts, § 58. As was said in *O'Hara* v. *O'Hara*, 291 Mass. 75, 78, "Neither is there any rule applicable to all trusts requiring notice to, and acceptance by, the cestui. . . . But where the trust is an informal voluntary trust of the sort under discussion, the law of this Commonwealth requires notice to the cestui or to some person in his behalf, and at least implied acceptance by the cestui, in order to perfect the creation of the trust." See *Aronian* v. *Asadoorian*, 315 Mass. 274, 276–278, and cases cited.

The sort of informal trust considered in the *O'Hara* case and in many of the cases there cited was one of a deposit in a bank in the name of the depositor in trust for another

without more, and much that we have said above has been for the purpose of preventing confusion in cases of that character upon which, and upon the law governing gifts inter vivos, the judge seems to have relied. · In the present case, however, the declaration of trust is in writing and was signed by the testator. Its terms are expressly set out. They are clear and unambiguous. The written declaration of trust in the present case would have been sufficient to establish a trust of real estate. See G. L. (Ter. Ed.) c. 203, § 1. It is settled that a trust of real estate may be created by the writing of the grantor or declared in writing by the grantee; that it is not necessary that the trust should be created by deed, *Safford* v. *Rantoul*, 12 Pick. 233; that letters or other papers, however informal, may be sufficient to constitute such a declaration, *Barrell* v. *Joy*, 16 Mass. 221, *Montague* v. *Hayes*, 10 Gray, 609, *Urann* v. *Coates*, 109 Mass. 581, *Faxon* v. *Folvey*, 110 Mass. 392; and that it is not necessary that the instrument should be under seal, *Scituate* v. *Hanover*, 16 Pick. 222, or that the written declaration should have been delivered to or addressed to anyone, *Urann* v. *Coates*, 109 Mass. 581. We see no good reason for making requirements in cases of declarations in writing of trusts of personal property that need not be met in cases of declarations in writing of trusts of real estate. See *Aronian* v. *Asadoorian*, 315 Mass. 274, 276–278, and cases cited. *Hogarth-Swann* v. *Steele*, 294 Mass. 396, is distinguishable in the terms of the writing there relied upon, which was testamentary in character.

We conclude that the written declaration of trust in the present case is sufficient to establish a valid trust for the benefit of the beneficiary named, the respondent Ernst, and that she is entitled under its terms to the possession of the book of deposit in question and to the deposit represented thereby. The decree entered in the Probate Court is reversed, and instead a final decree is to be entered in accordance with what we have said. Costs and expenses of this appeal may be allowed to the respondent Ernst or her counsel to be paid out of the estate of the testator, in the discretion of the Probate Court.

*So ordered.*