BARNET SMOLA, administrator, *vs.* MANUEL GOMES & another.[1] March 5, 1969. The petitioner, as administrator of the estate of Louis Barbeiri (or Barbieri) late of New Bedford, sought a declaratory decree in the Probate Court for Bristol County that Manuel Gomes had no interest in a savings account in the New Bedford Five Cents Savings Bank which at Barbeiri's death was entitled "Louis Barbeiri in trust for Manuel Gomes." The evidence at the hearing on June 27, 1967, is reported. There are no findings. The judge on January 25, 1968, entered a decree determining that the bank book and the deposit it represents are the property of Barbeiri's estate. The book appears to have been retained by Barbeiri and no notice to the beneficiary was shown. The donor, however, on August 7, 1962, signed a form similar to that ruled in *Cohen* v. *Newton Sav. Bank*, 320 Mass. 90, as sufficient to create a trust without delivery or notice. There was, nevertheless, substantial evidence of numerous manifestations in 1961 and 1962 of cerebral arteriosclerosis, a chronic degenerative brain disease, which had reduced Barbeiri to a psychotic and completely disoriented state in 1966. The judge could have concluded that Barbeiri lacked donative capacity when he signed the document purporting to create the trust. *Daly* v. *Hussey*, 275 Mass. 28, 29. *Goddard* v. *Dupree*, 322 Mass. 247, 248–251. This case has been presented to us in a most unsatisfactory way. There was no request for a report of material facts. We do not know what was the determinative factor underlying the decree. But we may not speculate. The evidence permitted the decree of the Probate Court and it is affirmed.

*So ordered.*

*Joseph Lipsitt* for Manuel Gomes.
*Barnet Smola*, administrator, pro se.