## JOHN WHIPPLE *versus* ROYAL THAYER.

Where goods under attachment were assigned by the owner, and were then again attached by the same officer, it was *held*, that the delivery of the instrument of assignment was a sufficient delivery of the goods ; and that the assignee having paid the claim of the first attaching creditor, might, upon giving the officer notice of such payment and of the assignment, and demanding possession of the goods, maintain replevin therefor against him.

Where a citizen of Rhode Island, by a bipartite deed of assignment, to which his creditors were not parties, conveyed all his property in trust to the assignee for their benefit, it was *held*, that such assignment was valid in this Commonwealth as against a citizen of Rhode Island who had attached a portion of the property here, it being valid against attaching creditors by the laws of that State.

THIS was an action of replevin, brought by the plaintiff, as the assignee of David Wilkinson, against the defendant, who was a deputy sheriff.

By an agreed statement of facts it appeared, that on July 20, 1829, the property in question, consisting of fifteen bales of cotton of the value of $550, and being then on its way from Providence in Rhode Island, to Wilkinson's factory at Wilkinsonville, in this Commonwealth, was attached on board of a canal boat and detained by the defendant, on a writ in favor of one Beckwith against Wilkinson ; that by this writ, the defendant was directed to attach to the value of $600 ; that on the 23d day of the same July, Wilkinson, by two several bipartite instruments, assigned all his property, real and personal, to the plaintiff, in trust for the benefit of his creditors, but that the creditors did not signify their assent to the assignment by becoming parties to it ; that on August 1, 1829, the defendant returned the cotton as again attached, (subject to the first attachment,) at the suit of Harkness & Stead against Hezekiah Howe and Wilkinson, who were partners ; that the claim of Harkness & Stead amounted to the sum of $30, and the defendant was directed to attach to the amount of $60 ; that the defendant knew of the failure of Wilkinson previously to the second attachment, but had no knowledge of the assignment except from common report ; that at the time of the first attachment and of the assignment, the cotton was the sole property of Wilkinson ; that in the interim between these attachments, the plaintiff agreed verbally to settle the demand

of Beckwith, but did not actually pay the same until after the second attachment ; that the defendant was informed of this agreement, but was in no other way discharged from his responsibility ; that on the 12th day of the same August, the plaintiff having paid the claim of Beckwith, demanded the cotton of the defendant, who refused to deliver the same ; and that thereupon this action was commenced.

It further appeared, that Wilkinson was insolvent, not having property sufficient to pay his private debts ; that his property was in several different States of the Union ; that the plaintiff took possession thereof as soon as he conveniently could ; but that he took no other possession of the cotton in question, than such as resulted from the facts above stated.

Howe was a citizen of this Commonwealth. The plaintiff, Wilkinson, Harkness, and Stead, were all citizens of Rhode Island ; and by the laws of that State, the assignment of Wilkinson vested the property in his assignee, so that it could not be attached by his creditors.

If, upon these facts, the action could be maintained, the plaintiff was to have his costs ; otherwise, judgment was to be entered for the defendant.

*Oct. 1st.*     *J. Davis, Washburn,* and *Thayer,* for the plaintiff. The general property in the cotton passed by the assignment to the plaintiff, subject to the first attachment. *Denny* v. *Willard,* 11 Pick. 519 ; *Bigelow* v. *Willson,* 1 Pick, 492 ; 2 Kent's Comm. 283. The cotton was in the exclusive possession of the officer by virtue of the attachment, and therefore could not be delivered to the plaintiff ; but every thing in the power of the plaintiff was done to consummate the transfer ; and this was sufficient to render the assignment valid as against the subsequent attachment. *Badlam* v. *Tucker,* 1 Pick. 395 , *Wheeler* v. *Sumner,* 4 Mason, 185 ; *Tuxworth* v. *Moore,* 9 Pick. 347 ; *Parks* v. *Hall,* 2 Pick. 213 ; *Joy* v. *Sears,* 9 Pick. 4. If this assignment was sufficient by the laws of Rhode Island to vest the property in the plaintiff as against attaching creditors, it must be considered so in this Commonwealth, the parties being citizens of Rhode Island Story on Confl. of Laws, §§ 380, 383 ; *Bloke* v. *Williams,*

6 Pick. 286 ; *Baker* v. *Wheaton*, 5 Mass. R. 511 ; *Pearsall* v. *Dwight*, 2 Mass. R. 89 ; 2 Kent's Comm. 364 ; *De Wolf* v. *Harris*, 4 Mason, 535 ; *Dawes* v. *Head*, 3 Pick. 128 ; *Bholen* v. *Cleveland*, 5 Mason, 174. When the goods were demanded of the defendant, the right of possession and of property was in the plaintiff ; and upon the defendant's refusing to deliver them, this action accrued to the plaintiff. *Badger* v. *Phinney*, 15 Mass. R. 359 ; *Wheeler* v. *Train*, 3 Pick. 255 ; *De Wolf* v. *Harris*, 4 Mason, 528.

*Newton*, for the defendant. The assignment was not valid, except as between the assignor and assignee, there being no delivery of the property. *Lanfear* v. *Sumner*, 17 Mass. R. 110 ; *Shumway* v. *Rutter*, 7 Pick. 56. It is said, that there could be no delivery to the assignee, because the cotton was in the possession of the officer ; but there might have been acts tantamount to delivery. Notice to the officer of the claim of the assignee would have been sufficient.

The assignment was in conformity to the law of Rhode Island, but the property was attached in this Commonwealth, and is within the jurisdiction of our courts ; and the validity of an assignment of it must be determined by our laws. By these laws, the assignment in question was invalid against the subsequent attachment. *Ingraham* v. *Geyer*, 13 Mass. R. 146.

SHAW C. J. delivered the opinion of the Court. All questions as to the execution and validity of the assignment, under which the plaintiff claims the property, are precluded by the facts agreed ; and no question is made, that by the laws of Rhode Island, the assignment constituted a good contract of sale from Wilkinson to the plaintiff to pass the property, there, if there was a sufficient delivery, and in other respects the sale was completed conformably to the rules of law.

It is clear from the facts, that at the time of the first attachment made by the defendant at the suit of Beckwith, the cotton was the property of Wilkinson, liable to the attachment ; that the attachment was valid ; and that the officer acquired the lawful possession. It has been repeatedly decided, that as the general property in goods attached remains in the owner, he may make a valid sale of them subject to

Oct. 7th

the lien created by the attachment. *Denny* v. *Willard*, 11 Pick. 519 ; *Fettyplace* v. *Dutch*, 13 Pick. 388. `But as the possession, for the purpose of maintaining the lien, is with the officer, no actual delivery can be made, and a symbolical delivery is sufficient. *Tuxworth* v. *Moore*, 9 Pick. 347. The delivery of the bill of sale, or assignment, with an authority to collect, receive, and take possession of the property, is such symbolical delivery, and therefore notice to the person having the possession of it and demand of delivery, after the lien is removed, gives to the assignee the right of possession sufficient to enable him to maintain replevin. In the present case it appears, that at the time of the assignment of Wilkinson to the plaintiff, the goods, having been sent by Wilkinson to a distance, had been found on board of a canal boat, and attached by the defendant, and that he had them in his possession. That attachment being valid, the defendant had the rightful possession. After the assignment, the defendant attached them again at the suit of another creditor. As the cotton still remained in his custody, no new seizure was necessary to give effect to this second attachment, if the property had been at that time subject to the attachment. After this second attachment, thus good in point of form, the debt for which the first attachment was made, was paid, and that attachment discharged ; of which the defendant had notice. After this, the plaintiff, having given the defendant notice of his title, demanded the property, which the defendant refused to deliver. This was an unlawful detention, for which replevin lies.

Then the only objection made to the assignment relied on by the plaintiff is, that it was a trust assignment by an insolvent debtor, providing for a distribution of his property among his creditors, and it not appearing that the creditors had signified their assent by becoming parties to it, by the laws of our own State it is not to be considered valid, against an attaching creditor. Without at present deciding the more general question, whether this assignment, made by the owner of property, in a mode conformable to the laws of the place of his domicil, would be good against a subsequent attachment, made by a citizen of this State, the Court are all of opinion,

that as against a citizen of Rhode Island, the assignment was good, and therefore, that the defendant could not justify his refusal to deliver the goods to the plaintiff, the assignee, under his attachment in behalf of Harkness & Stead, citizens of Rhode Island, and that the plaintiff is entitled to hold the goods.