JOSEPH F. PEABODY *vs.* JAMES BROWN, JR.

A deed to " Hiram Gowing, cordwainer," may be shown by parol evidence of the previous negotiations between the parties to have been intended for " Hiram G. Gowing," who was a person of middle age, and not for " Hiram Gowing," his son, who was but thirteen years old.

WRIT OF ENTRY to recover land in Danvers. Plea, nul disseisin. At the trial before the chief justice, both parties claimed title under a warranty deed made on the 5th of May 1841, by Henry F. Newhall, in consideration of $115, to " Hiram Gowing, of said Danvers, cordwainer."

The demandant contended that this deed conveyed the premises to Hiram Gowing, then a minor about thirteen years of age, who died in 1852, leaving his father, Hiram G. Gowing, his heir, who afterwards conveyed to the demandant.

The tenant claimed title under levies of executions against Hiram G. Gowing upon the estate in 1842 and 1843; and called Newhall as a witness, who, on inspection of the deed, testified that he executed it, that he now knew Hiram G. Gowing, but did not then know that he had any G. in his name; and he was about proceeding to testify, that the negotiation was with the father, who paid him the consideration, and that he supposed he was giving the deed to him; when the competency of this evidence and all parol evidence was objected to, as tending to show that, when there was a grantee named, Hiram Gowing, capable of taking the estate by conveyance, another grantee not bearing that name was intended, and in consequence of being so intended to take, the estate under that deed vested in him.

The demandant, objecting to all parol evidence of intention to control the operation of the deed, stated that if the tenant was allowed to go into such evidence, he should oppose it by evidence tending to show that the father was in fact acting for the son, and that the intent was to make a purchase for him, and that it was made with funds given to the son by some relative.

The case was reserved for the whole court upon this agreement : " If the court are of opinion that it is not competent to go into the proposed evidence to show that, although the deed was executed as it was, and there was a person of that name, capable of taking by the deed, and no other person bearing the same name appearing, still it was intended for the father, bearing the same name with the addition of a middle initial letter, and under the circumstances would vest the estate in him, so that it could be levied upon on an execution against him, and taken to satisfy his debts, then judgment to be entered for the demandant. But if the court are of opinion that such evidence is admissible, and if the facts to be established by such proof would show that the deed vested the estate in the father, then the case to be submitted to a jury, to find upon the evidence, offered on both sides, whether such was the intent of the parties to the deed of Newhall to Gowing."

*O. P. Lord,* for the demandant, cited *Stackpole* v. *Arnold,* 11 Mass. 27.

*I. Brown,* for the tenant, cited 4 Cruise Dig. tit. 32, *c.* 21, §§ 10 *& seq.; Game* v. *Stiles,* 14 Pet. 322, and 1 McLean, 321 ; *Scanlan* v. *Wright,* 13 Pick. 523 ; *Doe* v. *Roe,* Geo. Decis. pt. I. 80.

SHAW, C. J. Where two names are distinguishable, such as George and James, or even where the names are much alike, as Edward and Edwin, both popularly called Ned, still being well known distinct Christian names, it is not competent to go into direct parol evidence that where Edward was written Edwin was intended. *Crawford* v. *Spencer,* 8 Cush. 418.

But where, taking the name and addition together, the deed fully applies to neither, it falls within the rule of a latent ambiguity.

Here it is " Hiram Gowing, cordwainer," and it is shown that the boy Hiram Gowing was only thirteen years old, not at the ordinary age even to commence an apprenticeship; it is in effect a latent ambiguity, and therefore opens the case for parol evidence. *New trial ordered.*