## JOHN E. B. JEWETT, executor, *vs.* SAMUEL P. SHATTUCK, guardian.

Middlesex. Jan. 18. — June 29, 1878. COLT & ENDICOTT, JJ., absent.

A., a married woman, during the lifetime of her husband and before the passage of the St. of 1855, c. 304, deposited in a savings bank a sum of money in her name as " trustee for B.; " A., until her death, retained possession of the deposit book, and at times drew out portions of the money. A.'s executor took possession of the deposit book, charged himself with the amount of the deposit in his inventory, and about two years after her death paid it over to B., who until then had no knowledge of the deposit. *Held,* that the deposit was a part of A.'s estate and was improperly paid to B.

APPEAL by the executor of the will of Sarah Bailey, from a decree of the Probate Court disallowing one item of his account.

At the hearing, before *Ames*, J., the only question was, as to the right of the executor to be credited in his account with the amount of a certain fund in the possession of, or due from, the Provident Institution for Savings, at the time of the decease of the testatrix, the executor contending that the amount of the fund was improperly and by mistake included in the inventory of the estate, and that it really belonged, and of right ought to be paid, to one Alice Rowe.

In 1849 the testatrix lived in Cambridge and was the wife of Edward L. Gray. Having no children, they took into their family, without any formal adoption, a child of the age of two years, named Alice, who lived with them until about 1867, and usually went by the name of Alice Gray. The testatrix was in the habit of making deposits in various savings banks, taking the usual deposit books, sometimes in her own name and sometimes as trustee, without naming any *cestui que trust*, and sometimes as trustee for some person by name. The fund in question in this case was made up of moneys deposited from time to time by her in 1851 and 1852, the account in the deposit book, given her by the savings institution, being headed "Sarah Gray, trustee for Alice Gray," and showing that the testatrix had from time to time withdrawn portions of the money. This book remained in the possession of the testatrix up to the time of her decease, and Alice never saw it or had any knowledge of its

existence, or that any money had been deposited in the name of Sarah Gray, trustee for Alice Gray, in any savings bank, until about two years after the decease of the testatrix and one year after the appointment of the executor. She then claimed the book and the fund of the executor, and he, after taking advice of counsel, yielded to her claim, and the fund was drawn out of the bank and paid over to her, under her present name of Alice Rowe. The testatrix, after the death of her first husband, Edward L. Gray, which occurred in the year 1857, was married to Samuel Bailey, who died in May, 1877.

One of the by-laws of the Provident Institution for Savings is as follows : " Money put in will be entered in the books of account of the institution, and also, in each case, in a bank book, which will be given to the depositor. This bank book will be the evidence of the depositor's property, and all deposits received are taken upon the express condition that no payment is to be made without presentation of the book."

Upon these facts, the judge ordered that the decree of the Probate Court be affirmed ; and the executor appealed.

*L. Wallace*, for the appellant.

*F. A. Worcester*, for the appellee.

SOULE, J. The money deposited by the testatrix was inventoried by the appellant as a part of her estate. He had possession of the bank book, which she had retained in her own control during her life, and without which no part of the money could be withdrawn from the bank. The entries on the book showed that the testatrix had from time to time withdrawn portions of the money. The person named in the bank book as *cestui que trust* had no knowledge of the deposit ; the money deposited had never been hers. On these facts, the money belonged to the estate of the testatrix, and the *cestui que trust* could not have maintained an action against the bank, for the amount of the deposit, as decided in *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228, unless the coverture of the testatrix when the deposit was made introduces a new and decisive element into the case. The argument is that the money deposited could not have been the money of the testatrix, because she was legally incapable of owning money, and that it must have been her husband's money deposited by his direction in her name as trustee

for the *cestui que trust*. But there is no evidence that the deposit was thus made by the husband's direction. The testatrix deposited at her own option, so far as appears, sometimes in her own name, sometimes as trustee merely, sometimes as trustee for a person named, and drew from the money deposited at will, for her own use. If we assume then that the money was given her by her husband, which does not appear, it was deposited in his lifetime, and the testatrix held in its stead a *chose in action* which was not reduced to possession by him, and therefore survived to her. *Hayward* v. *Hayward*, 20 Pick. 517. The effect of the transaction would be analogous to purchase by the husband of bank shares, the certificate for which he took in the name of his wife and gave to her. *Adams* v. *Brackett*, 5 Met. 280, 284.

We are of opinion, therefore, that the appellant was not warranted in paying the amount of the deposit, with the accrued interest, to the person named in the book as *cestui que trust*, and is not entitled to an allowance in his acount as executor for the amount so paid. *Decree affirmed.*