NUVART ARONIAN, administratrix, *vs.* BEDROS ASADOORIAN & others.

Middlesex.    November 1, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Trust,* Express trust: what constitutes. *Deed,* Validity, Recording and registration. *Real Property,* Trust. *Notice. Equity Pleading and Practice,* Decree.

A valid trust was presently created when the true owner of real estate standing in the name of a straw caused the straw to execute and deliver to him, and he accepted, a deed conveying the property to him as trustee upon a trust for his sons to terminate at his death, when title was to vest in the sons, although the deed was not recorded until after his death and the sons had no notice of the trust during his lifetime.

In a suit to set aside a trust as invalid, a decree in effect declaring the trust valid should also have contained a provision formally dismissing the bill.

BILL IN EQUITY, filed in the Superior Court on May 26, 1942.

The suit was heard by *Baker,* J., who ordered the entry of a final decree, from which the plaintiff appealed.

*J. T. O'Callahan,* (*M. L. Sherin* with him,) for the plaintiff.

*H. F. R. Dolan,* (*A. Brooks* with him,) for the defendants.

QUA, J. The administratrix of the estate of Hagop Aronian, having a license from the Probate Court to sell for the payment of debts certain real estate in Waltham which she claims belonged to her intestate at the time of his death,

prosecutes this bill to set aside a trust of the premises which the defendants Aron Aronian and Krikor Aronian, sons of the deceased, claim their father created for their benefit before his death.

The determinative facts found by the trial judge are these: The deceased had acquired the property because there was a drug store upon it. He planned to educate his sons as druggists and intended that they should take over and operate the store. He caused the property to be purchased in the name of the defendant Asadoorian, who held the title as a "straw" upon a dry trust for the deceased. In pursuance of his original purpose, the deceased, about three months before his death, which occurred on November 25, 1940, caused Asadoorian to execute and deliver to the deceased a deed of the premises, in the habendum of which it was expressly set forth that the deceased was to hold the premises as trustee for the benefit of his two sons; that the trust should terminate upon the death of the trustee; and that upon such termination the title should vest in the two sons. The deceased accepted the deed and the trust, but the deed was not recorded until after his death. We assume, as the parties have assumed, that this deed is to be construed as conveying the legal title in fee to Aronian and not merely a life estate with remainder to the sons. See G. L. (Ter. Ed.) c. 183, § 13.

The plaintiff contends that no complete and valid trust was created for the benefit of the sons. We see no sound basis for this contention. The deceased was the equitable owner of the property. He could have demanded an outright conveyance from Asadoorian to himself and could then have conveyed to another in trust for the sons or could have declared himself to be trustee for their benefit. Instead, he preferred to have Asadoorian convey the legal title to him upon an express trust for the benefit of his sons. This was an equally effective method. It is difficult to see how an express trust in real estate can be any more effectually created than by a deed with an habendum in trust setting forth the terms of the trust in detail, delivered to and accepted by the grantee.

The trust came into existence before the recording of the deed. The recording statute, G. L. (Ter. Ed.) c. 183, § 4, does not affect the validity upon delivery of an unrecorded deed as between the parties to it or as to persons with notice. *Earle* v. *Fiske,* 103 Mass. 491. It merely protects subsequent purchasers or attaching creditors without notice. *Pomroy* v. *Stevens,* 11 Met. 244, 247–248. *Smythe* v. *Sprague,* 149 Mass. 310, 312. *Philadelphia & Reading Coal & Iron Co.* v. *Boston,* 211 Mass. 526, 531. *Lamson & Co. (Inc.)* v. *Abrams,* 305 Mass. 238, 244. *Tilton* v. *Haverhill,* 311 Mass. 572, 578–579.

The plaintiff argues that the trust was not valid because it does not appear that the two sons as cestuis que trust had notice of the trust during the lifetime of the settlor. If we assume that they had no notice, we are nevertheless of opinion that the trust is valid. There exists in this Commonwealth a peculiar rule of law to the effect that, in some circumstances, a bare voluntary declaration of trust by the owner of property who retains the legal title and actual power of control is not effectual unless communicated to the beneficiary. In the earliest extended discussion of the subject and in some later cases failure to notify the beneficiary seems to have been regarded as hardly more than one circumstance of weight tending to indicate that the alleged settlor did not intend to complete the alleged trust as a definite finality. These were cases where the acts of the alleged settlor were of a more or less equivocal character, and where the lack of notice would have substantial probative force upon the question of intent. *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228. *Cummings* v. *Bramhall,* 120 Mass. 552, 564. *Jewett* v. *Shattuck,* 124 Mass. 590. *Sherman* v. *New Bedford Five Cents Savings Bank,* 138 Mass. 581. *Alger* v. *North End Savings Bank,* 146 Mass. 418. Thus in *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159, at pages 163–164, the court said, "Notice to the donee is indeed not necessary when other acts or declarations of the donor are sufficient and complete in themselves; but, where the transaction is capable of two interpretations and the settlement is merely voluntary, it is plain that notice

given by the donor to the donee of the existence of the trust would in most cases be decisive on the question of intention. It takes the place of that delivery which is necessary to perfect a gift of personal property. It is not only satisfactory evidence of an executed intention, but it is a declaration in the nature of an act necessary to complete the transaction and create the trust." Cases in which a requirement of notice to the beneficiary has crystallized into a rule of law are of the same general type; that is to say, cases in which it is claimed that an owner of personal property such as savings bank books or securities, while retaining physical control, has voluntarily, without previous legal obligation, and in some more or less informal manner, declared himself trustee for the benefit of the claimant, and where the court looks for notice to the beneficiary as necessary proof of the finality of the alleged settlor's action. *Clark* v. *Clark*, 108 Mass. 522. *Scrivens* v. *North Easton Savings Bank*, 166 Mass. 255. *Welch* v. *Henshaw*, 170 Mass. 409. *Bailey* v. *New Bedford Institution for Savings*, 192 Mass. 564. *Boynton* v. *Gale*, 194 Mass. 320. *Supple* v. *Suffolk Savings Bank*, 198 Mass. 393, 396. *Robertson* v. *Parker*, 287 Mass. 351. *O'Hara* v. *O'Hara*, 291 Mass. 75. *Hogarth-Swann* v. *Steele*, 294 Mass. 396. *Greeley* v. *Flynn*, 310 Mass. 23, 27. And in a number of the cases are found statements indicating that the rule is not one of universal application. See, for example, *Ward* v. *Lewis*, 4 Pick. 518, 520; *Boston* v. *Turner*, 201 Mass. 190; *Bailey* v. *Wood*, 211 Mass. 37, 42; *Thorp* v. *Lund*, 227 Mass. 474, 476; *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569; *Stuart* v. *Sargent*, 283 Mass. 536, 542; *O'Hara* v. *O'Hara*, 291 Mass. 75, 78. The rule is not generally accepted in other jurisdictions. Am. Law Inst. Restatement: Trusts, § 36. Scott on Trusts, § 36. So far as we have discovered, it has never been applied in an instance where the holder of the legal title, instead of attempting to declare himself a trustee, has completed a legally valid conveyance or transfer of that title to another person as trustee. Such reason as exists for the rule has little or no force in cases where there is a complete and legally valid transfer of the legal title with due observance of all the formal requi-

sites of such a transfer. Guarded language in a number of the cases previously cited seems to leave transfers to another to hold in trust outside the scope of the rule. We think that the United States Circuit Court of Appeals for the First Circuit correctly interpreted the law of this Commonwealth when it held in *In re Pilot Radio & Tube Corp.* 72 Fed. (2d) 316, at pages 318–319, that the rule does not apply in such cases.

In the case at bar Asadoorian, who held the legal title, conveyed it by formal and adequate deed to the deceased upon an express trust. But even if the deceased, who held absolute equitable title, and not Asadoorian be regarded as the settlor, the execution and delivery of the formal instrument of conveyance transferring the legal title rendered notice to the beneficiaries unnecessary to the completion of the trust. Notice might likewise have been unnecessary if the deceased had held the legal title in his own name and had merely made a formal written declaration of trust; but we need not decide that point. Nor need we decide whether in view of the statute of frauds, G. L. (Ter. Ed.) c. 203, § 1, there is ever sufficient reason for applying the rule requiring notice to the cestui to trusts of real estate.

The plaintiff further argues that an unsuccessful attempt to make a gift by transfer cannot be made effectual by calling it a declaration of trust, citing the well known case of *Milroy* v. *Lord,* 4 De G., F. & J. 264. *Loring* v. *Hildreth,* 170 Mass. 328, 331. *Silbert* v. *Equitable Life Assurance Society,* 314 Mass. 406, 408. But this principle has no application to the case. The deed was valid for its intended purpose.

No complaint is made of the form of the decree, which merely declared that the title passed to the sons by virtue of the trust deed. We think, however, that a clause should be added formally dismissing the bill.

*Decree as modified affirmed with costs.*